FILED
 2012 Jan-05 PM 04:49
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **ELIZABETH WATTS, as Personal Representative of the Estate of Curtis Carl Watts,** | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | )   Case No.: 1:11-CV-3715-VEH ) |
| **CLAY COUNTY, ALABAMA,** | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

**I.   Introduction**

Plaintiff initiated this wrongful death action against Defendant Clay County, Alabama (the "County") on September 21, 2011, in the Circuit Court of Clay County, Alabama. (Doc. 1-1). On October 24, 2011, the County removed Plaintiff's lawsuit to this court on the basis of federal question jurisdiction. (Doc. 1 ¶ 3).

Pending before the court are the County's Motion To Dismiss Plaintiff's Complaint (Doc. 3) (the "Motion To Dismiss") filed on October 25, 2011,[1] and

---

[1] Defendant's Motion To Dismiss also contains a request "to be heard orally . . . ." (Doc. 3 ¶ 6). Because the court finds the disputed issues to be straightforward, the County's request to present oral argument is **DENIED**.

Plaintiff's Motion for Leave To Amend Complaint (Doc. 9) (the "Motion for Leave"). Both motions have been briefed and are now under submission. (Docs. 4, 11, 14-15). For the reasons explained below, the County's Motion To Dismiss is **GRANTED**, and Plaintiff's Motion for Leave is **GRANTED** as modified herein.

## II.     Applicable Standards

### A.     Motion To Dismiss

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47). However at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine <u>whether they plausibly give rise to an entitlement to relief</u>." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

**B.     Motion for Leave**

"Leave to amend a complaint shall be freely given when justice so requires." *Abramson v. Gonzalez*, 949 F.2d 1567, 1581 (11th Cir. 1992). The Eleventh Circuit "reviews the denial of a motion to amend a complaint for abuse of discretion." *Steger v. General Electric Co.*, 318 F.3d 1066, 1080 (11th Cir. 2003); *see also Henson v.*

*Columbus Bank and Trust Co.*, 770 F.2d 1566, 1574 (11th Cir. 1985) ("A district court has great discretion when determining whether an amendment to the complaint should be allowed once responsive pleadings have been filed").

"When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessary fail." *St. Charles Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822-23 (11th Cir. 1999). The futility standard is comparable to that applicable to a motion to dismiss. *See, e.g., B.D. Stephenson Trucking, L.L.C. v. v. Riverbrooke Capital Partners, L.L.C.*, No. 5:06-CV-0343-WHS, 2006 WL 2772673, at *6 (S.D. Ala. 2006) ("[T]hus, if the amended complaint could not survive Rule 12(b)(6) scrutiny, then the amendment is futile and leave to amend is properly denied.") (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999))).

### III.  Analysis

#### A.  Motion To Dismiss

Plaintiff's complaint contains two counts. Count one alleges that the "death of Curtis Carl Watts was caused by the County, by and through agents, servants, or employees shooting him . . . ." (Doc. 1-1 at 2 ¶ 3). Count two asserts that "Curtis Carl Watts'[s] 4th Amendment rights under the Constitution of the United States"

were violated due to "the actions of said County, through its agents, servants or employees . . . ." (Doc. 1-1 at 3 ¶¶ 2, 3). The County argues in its Motion To Dismiss that it "cannot be held liable for the acts of the sheriff or her employees that are tortious." (Doc. 4 at 3 (emphasis omitted)).

In response to the Motion To Dismiss, Plaintiff does not dispute the County's legal position that the original complaint is legally flawed. Instead, Plaintiff suggests that "the amended complaint addressed some of the issues raised in the Defendant's Motion to Dismiss" and that such pleading properly relates back under Rule 15. (Doc. 14 ¶¶ 4, 6). The court agrees that the County's Motion To Dismiss is well-taken with respect to Plaintiff's initial pleading.

As the Eleventh Circuit explained in *Turquitt v. Jefferson County, Ala.*, 137 F.3d 1285 (11th Cir. 1998), "[o]ur review of Alabama law persuades us that an Alabama sheriff acts exclusively for the state rather than for the county in operating a county jail." 137 F.3d at 1288. Therefore, Plaintiff's case against the County is due to be dismissed unless the proposed amended pleading against the County (and other defendants) cures the *Turquitt*-based deficiency against the County.

**B.     Motion for Leave**

Plaintiff's proposed amended complaint attached to the Motion for Leave is asserted against the County and seeks to add the following party defendants: Jean

Dot Alexander, Jamie Smith, Steve Cotney, Tony Tomlin, Clay County Sheriff's Office, and Clay County Sheriff's Special Response Team. (Doc. 9-1 ¶ 5-13). The County has objected to Plaintiff's Motion for Leave on the basis of futility.

More specifically, the County contends that Plaintiff's amended pleading is barred by the statute of limitations of two years and cannot relate back under Rule 15 due to the new parties and theories of relief included in it. (Doc. 11 ¶¶ 10, 11). The County also argues that, even if the amended complaint is allowed by the court, Plaintiff's opposition to the Motion To Dismiss and new allegations do not rebut its *Turquitt*-based defense and, therefore, the action against it should still be dismissed. (Doc. 15 ¶ 3).

Turning to the County's alternative futility argument first, it is correct that Plaintiff still has not offered any opposition, much less any case authority, that counters the County's *Turquitt*-based defense. As a result, the dismissal of the County is appropriate. *Cf. Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument); *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (stating that an argument made without citation to authority is insufficient to raise an issue before the court).

Further, in light of the court's decision to grant the County's Motion To Dismiss on alternative grounds, it does not need to reach the County's theory that the statute of limitations bars Plaintiff from filing an amended complaint. Finally, Plaintiff's Motion for Leave is **GRANTED,** subject to the requirements listed below.

## IV.   Conclusion

Accordingly, the Motion To Dismiss is **GRANTED**, and the County is **HEREBY DISMISSED** from this lawsuit. Further, Plaintiff's Motion for Leave is **GRANTED** as modified herein. More specifically, because Plaintiff's amended complaint attached to the Motion for Leave includes the County, Plaintiff is **GRANTED** until **January 30, 2012**, to file an amended complaint which omits the County as a defendant.

In repleading, the court cautions Plaintiff that it is concerned about the shotgun nature of the amended complaint that Plaintiff proposed to file. *See, e.g., Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008) ("The complaint is a model 'shotgun' pleading of the sort this court has been roundly, repeatedly, and consistently condemning for years, long before this lawsuit was filed.") (footnote omitted); *id.* at 980-81 ("No competent lawyer-whether skilled in Title VII litigation or not-could compose an answer to these sweeping and multifaceted acts of discrimination that would be in keeping with what the framers of the Rules

envisioned in fashioning Rule 8(b).") (footnotes omitted); *see also* Fed. R. Civ. P. 8(a)(1)-(3) (detailing what "[a] pleading that states a claim for relief must contain").

The Eleventh Circuit has specifically instructed district courts not to let an ambiguously worded and lumpily drafted complaint remain pending <u>even if unchallenged by a defendant</u>: "In light of defense counsel's failure to request a repleader, 'the court, acting *sua sponte*, should have struck the plaintiff's complaint, and the defendants' answer, and instructed plaintiff's counsel to file a more definite statement.'" *Davis*, 516 F.3d at 984 (citation omitted). Therefore, in repleading the complaint, Plaintiff should set forth <u>each claim against each defendant in a separate count with a heading that indicates the legal nature of each count rather than simply a number</u> (*e.g.*, Count One for Excessive Force Asserted Under 42 U.S.C. § 1983 Against Defendant _____).

Additionally, in repleading, Plaintiff should be guided by the *Twombly* standard and assert only those claims against defendants that are plausibly supported by <u>facts</u> alleged in the amended complaint, as opposed to mere conclusions. Finally, Plaintiff must <u>not</u> "incorporate[] by reference all allegations of the original complaint." (Doc. 9-1 ¶ 1). Instead, the amended complaint will supplant the original one and therefore must contain all of Plaintiff's claims and allegations.

**DONE** and **ORDERED** this the 5th day of January, 2012.

                                                            /s/ Virginia Emerson Hopkins
**VIRGINIA EMERSON HOPKINS**
United States District Judge